NOT DESIGNATED FOR PUBLICATION

No. 121,871

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROCKEY DEAN RASH,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed September 4, 2020. Affirmed.

*Hale G. Weirick*, of Perry & Trent, LLC, of Bonner Springs, for appellant.

*Patrick E. Henderson*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN and BUSER, JJ.

PER CURIAM:  In his fourth trip to this court, Rockey Dean Rash challenges the denial of his latest K.S.A. 60-1507 motion. Filed more than 14 years after sentencing, the motion alleged several grounds for reversing his convictions, including ineffective assistance of counsel and prosecutorial error. On appeal, Rash argues that he should have received a hearing on those claims. But the trial court properly dismissed his motion as untimely because he filed it well after the one-year statutory deadline. And he was unable to show manifest injustice, excusing the filing of his motion beyond the time limitation, or presenting a colorable claim of actual innocence. As a result, we affirm.

1

In September 2004, Rash pleaded no contest to three sex offenses involving two children. For those crimes, he received consecutive prison sentences totaling 227 months followed by 36 months of postrelease supervision. Rash did not appeal his convictions or sentences.

Since sentencing, Rash has moved several times in state and federal courts seeking relief from his convictions. This court has upheld the dismissal of three postconviction motions filed by Rash:

- A motion to withdraw his plea alleging that a confession he gave was involuntary and that his attorney provided inadequate representation. *State v. Rash*, No. 101,249, 2009 WL 5206243 (Kan. App. 2009) (unpublished opinion).

- A K.S.A. 60-1507 motion raising the same issues as his plea-withdrawal motion. *Rash v. State*, No. 107,156, 2012 WL 3136777 (Kan. App. 2012) (unpublished opinion).

- And a motion claiming that his convictions were void because the State added two of the charges that he pleaded to in an amended complaint filed after the plea hearing. *State v. Rash*, No. 114,372, 2017 WL 1295066 (Kan. App. 2017) (unpublished opinion).

This court also docketed a November 2018 appeal of Rash's second K.S.A. 60-1507 motion but later dismissed the case in March 2019 because no appellant's brief had been filed.

2

Rash has fared no better in federal court, where both his petitions for habeas relief under 28 U.S.C. § 2254 (2012) have been denied. See *Rash v. Kansas*, No. 19-CV-3060-SAC, 2019 WL 1506863 (D. Kan. 2019).

In July 2019—more than 14 years after sentencing—Rash filed his third K.S.A. 60-1507 motion. As relevant here, his latest motion alleged prosecutorial error and several ineffective assistance claims. In one claim, he said that he received inadequate representation from the attorney who never filed a brief in the appeal of his second K.S.A. 60-1507 motion. He provided a letter from that attorney where she acknowledged her mistake. But she also explained that different courts over the years had rejected all the issues raised in his motion. So, she recommended "go[ing] back to the drawing board and look[ing] for a fresh argument."

The trial court summarily denied the motion, finding that Rash had not timely filed his K.S.A. 60-1507 motion and that it raised issues decided in previous postconviction proceedings. Rash then filed this appeal.

ANALYSIS

All the issues Rash raises on appeal relate to the trial court's decision to summarily dismiss his K.S.A. 60-1507 motion without holding an evidentiary hearing. This court exercises unlimited review over that decision and may affirm it if the case materials conclusively show that Rash has no right to relief. *Mundy v. State*, 307 Kan. 280, 304, 408 P.3d 965 (2018).

Rash raises three issues in his brief.

3

*Did the Trial Court Properly Dismiss Rash's K.S.A. 60-1507 Motion as Untimely?*

Rash first argues that the trial court erred in dismissing his motion as untimely. The trial court did so under K.S.A. 60-1507(f). As relevant here, that provision requires a person to file a postconviction motion within a year of "[t]he termination of [] appellate jurisdiction" in a direct appeal. K.S.A. 2019 Supp. 60-1507(f)(1). The trial court may excuse the one-year limit only if doing so will prevent "manifest injustice." K.S.A. 2019 Supp. 60-1507(f)(2). Only two circumstances qualify as manifest injustice: (1) a movant's reasons for not meeting the one-year deadline and (2) a "colorable claim of actual innocence." K.S.A. 2019 Supp. 60-1507(f)(2)(A). If neither circumstance exists, the trial court must dismiss the motion as untimely. K.S.A. 2019 Supp. 60-1507(f)(3).

The parties here agree that the trial court could consider Rash's motion only if he showed manifest injustice. As the State points out, Rash filed no direct appeal in his criminal case. So the one-year clock to request relief under K.S.A. 60-1507 started to run in late November 2004 when the time to pursue an appeal expired. Rash filed this motion in July 2019—more than a decade after the deadline passed—so he must show manifest injustice.

Rash is unable to make such a showing. He offers no specific reason for why he failed to file his motion on time. The closest he gets is a sentence in his brief that alludes to reasons "outside of his control." He never says what those reasons are. Perhaps he is referring to his attorney's failure for not filing a brief in a previous appeal. But that occurred in 2019, well after the one-year time limitation had expired. Again, he fails to state reasons why he was prevented from filing his motion within the one-year time limitation under K.S.A. 2019 Supp. 60-1507(f). He simply does not explain his tardy filing.

4

Nor does he state a colorable claim of actual innocence. Such a claim requires a showing that it is "more likely than not that no reasonable juror would have convicted the prisoner in light of *new* evidence." (Emphasis added.) K.S.A. 2019 Supp. 60-1507(f)(2)(A). Rash says that he made that showing because his motion alleges that the prosecutor offered an insufficient factual basis for his plea. But that argument is not based on "new evidence," as it must be to constitute manifest injustice. K.S.A. 2019 Supp. 60-1507(f)(2)(A). It is based on his statements to law enforcement before the plea hearing and the prosecutor's statements at the plea hearing. All that evidence has been available to him since 2004; there is nothing new about it. Because Rash states no claim of innocence based on new evidence, he has not shown manifest injustice.

In short, Rash's motion was untimely. He filed it well after the one-year time deadline. So the trial court could excuse the delay only if he showed manifest injustice. He did not do so, however, because he offered neither a reason for the delay nor a colorable claim of actual innocence based on new evidence. Thus, the trial court properly dismissed his motion as untimely.

Because Rash has failed to affirmatively show manifest injustice, we need not address his other contentions that he received ineffective assistance of appellate counsel and that the State committed prosecutorial error.

Affirmed.